DA 10-0595

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 122N

IN RE THE MARRIAGE OF:
MARY HELEN LUCY,

       Petitioner and Appellee,

   and

DANIEL R. LUCY,

       Respondent and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                 In and For the County of Flathead, Cause No. DR 09-542C
                 Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Peter F. Carroll, Attorney at Law, Kalispell, Montana

       For Appellee:

              C. Mark Hash, Hash, O'Brien, Biby & Murray, PLLP, Kalispell, Montana

                          Submitted on Briefs:  May 3, 2011

                                 Decided:  June 1, 2011

Filed:

             _____
                           Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Daniel Lucy (Daniel) appeals from the Findings of Fact, Conclusions of Law and Order entered by the District Court on October 29, 2010, dissolving the marriage between him and Mary Helen Lucy (Helen). He challenges the District Court's determinations regarding distribution of the marital estate and his eligibility for maintenance.

¶3 Daniel and Helen were married in July 1999 and separated in August 2009. The District Court found that the parties were in their 50s and that there were no children born as issue of the marriage. Helen sold a home she had inherited prior to the marriage and another inherited property. From these proceeds, $230,378 was used, along with borrowed funds, to finance the purchase of the parties' home in Whitefish for $285,000. The parties made improvements to the property and sold it in 2007 for $875,000, using some of these proceeds to purchase their present marital home in Columbia Falls for $378,000. The balance was used to improve the property, purchase artwork, gold and furniture, and to supplement Daniel's real estate business expenses. In distributing the marital estate, the District Court found that the $230,378 used by the parties to purchase the Whitefish residence was from Helen's separate premarital funds and was clearly

2

traceable. The court allowed this amount to be retained by Helen prior to distribution of the remaining estate.

¶4 The court found that Helen was in good health and employed as a receptionist. The court found that Daniel was in fair health and, though currently unemployed, "has the ability to be self-supporting through appropriate employment" and, therefore, was not entitled to an award of maintenance. The court permitted Helen to reside in the marital home pending its sale and, as reasonable rental for her occupancy, required her to "maintain the home in show condition" and be responsible for all expenses of the home, including taxes and insurance.

¶5 Daniel challenges the District Court's restoration of Helen's premarital funds used to purchase the parties' home, arguing that the court failed to credit him for contributions from his own premarital property. Daniel argues that the District Court's finding that he had the ability to support himself is clearly erroneous, and that the court erred by failing to credit him for a portion of the rental value of the house during the time Helen resides there pending sale.

¶6 We review a district court's findings of fact in dissolution proceedings to determine whether they are clearly erroneous. *In re Marriage of Crilly*, 2009 MT 187, ¶ 9, 351 Mont. 71, 209 P.3d 249. A finding is clearly erroneous if it is not supported by substantial evidence, the district court misapprehended the effect of the evidence, or our review of the record convinces us the district court made a mistake. *Crilly*, ¶ 9. Absent clearly erroneous findings, we will affirm a district court's division of property and

maintenance award unless we identify an abuse of discretion. *Crilly*, ¶ 9. "A district court abuses its discretion if it acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice." *Crilly*, ¶ 9.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The traceability of the parties' premarital funds and their respective abilities to support themselves were questions of fact and the District Court's findings are supported by substantial evidence. Further, the court did not abuse its discretion in the equitable distribution of the marital estate.

¶8     Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BETH BAKER

4